## JOHN ALLEN *v.* THE STATE.

1. CONTINUANCE — PRACTICE IN THIS COURT. — It is well settled that this court will not revise the refusal of a continuance unless the transcript brings up a bill of exceptions, duly taken to the ruling at the time of the trial in the court below.

2. THEFT — EVIDENCE. — Indictment found in U. County charged a theft committed in that county. The court below, over objection by the accused, admitted evidence tending to show that the property was stolen in W. County; but other evidence proved that the accused was found in possession of it in U. County. *Held*, in view of the provision of the Code which, in such a case, authorized prosecution in either county, that the proof objected to was properly admitted.

3. CHARGE OF THE COURT. — In a trial for theft the court below instructed the jury, in effect, that the possession of recently-stolen property, if proved, was a fact for their consideration, in connection with any explanation of it given by the accused when first found with it, and in connection with all other facts proved. *Held*, a correct proposition of law.

4. EXPLANATIONS of his possession of stolen property given by the accused when first found with it are evidence for or against him, but he is not entitled to prove statements made by himself on subsequent occasions.

5. NEW TRIAL. — The fact that the jury were summoned by a State's witness is not cause for a new trial, unless it be further shown that it was neither known nor discoverable by proper diligence when the jury was impaneled, and that the accused sustained prejudice. And such facts, to be available at all in this court, must have better verification than unsworn statements in a motion for new trial.

APPEAL from the District Court of Upshur. Tried below before the Hon. M. H. BONNER.

All material facts are disclosed in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WINKLER, J.   The appellant was indicted, tried, and convicted in the District Court of Upshur County, on a charge of theft of a mule, his punishment being assessed by the jury at confinement in the state penitentiary for a period of seven years.   A motion for a new trial having been made and overruled, judgment of conviction was entered, and from the judgment this appeal is prosecuted.

Not having been favored with either written brief or oral argument, and there being no assignment of error sent up with the record, it is proposed to consider the merits of this appeal upon the transcript, and mainly with reference to the errors complained of in the motion for a new trial, and by the bill of exceptions.   The grounds set out in the motion for a new trial are:

" 1. That the verdict and judgment thereon are contrary to the law and the evidence."   This is general in its character, points out no specific error of law, or defect or error in admitting the evidence, and will not be considered further than necessary in determining the specific grounds set out in subsequent portions of the motion.

" 2. That the court erred in overruling the defendant's motion for a continuance."   The record shows that the cause was continued at the July term, 1877, on the defendant's application, on account of the absence of witnesses, and that, at the January term, 1878, application was again made by the accused for a continuance, on account of the alleged absence of material witnesses for the defense.   This second application was refused.   The transcript discloses no bill of exceptions to this ruling of the court.   The settled rule of practice on this subject is, that the ac-

tion of the court in refusing a continuance will not be re-
vised on appeal, unless the ruling was objected to at the
time and the point saved by regular bill of exceptions, taken
in the court in which the trial was had, and incorporated in
the record sent up. An exception to the ruling simply
noted on the minutes of the court will not suffice. This
rule has been so long settled, both in the Supreme Court,
long prior to the organization of this court, and so invari-
ably followed by this court since, as not to be any longer
treated as an open question, and we cannot so regard it now.
*Nelson* v. *The State*, 1 Texas Ct. App. 44, and numerous
authorities there cited from the Supreme Court; *Brooks* v.
*The State*, 2 Texas Ct. App. 1; *Grant* v. *The State*, 3
Texas Ct. App. 1.

" 3. That the court erred in permitting testimony of the
theft having been committed in the county of Wood, under
the charge in the indictment." The indictment charges the
theft as having been committed in the county of Upshur,
where the prosecution was pending. The proof objected
to tended to show that the mule was stolen in Wood County,
and it was admitted over the objection of the accused; and
to this ruling of the court a bill of exceptions was saved.
We may here remark that the testimony showed that the
theft was committed in Wood County, and that the de-
fendant was arrested in Upshur County, on the day fol-
lowing the night of the theft, having the stolen mule in his
possession. There was no error in admitting this testi-
mony. The testimony was properly admitted. The law
provides that " when property is stolen in one county and
carried off by the offender to another, he may be prosecuted
either in the county where he took the property or in any
other county where he may be found with it." Code Cr.
Proc., art. 198 (Pasc. Dig., art. 2666). The law authorized
the prosecution, and there could be no error in alleging in
the indictment, or in proving on the trial, the facts which

in law constituted the offense. *Connell* v. *The State*, 2 Texas Ct. App. 422.

The fourth and fifth grounds relate to the charge of the court, and may be considered in the same connection.

A special instruction was asked and refused, the effect of which, as well as the instruction given on the subject, is stated in the record as follows:

"The court, having refused the special charge asked for by the defendant on the subject of recent possession of stolen property as an evidence of guilt, gives the following charge on the subject:

"If the evidence should show to your satisfaction that said mule was stolen, and that recently after the theft it was found in the possession of the defendant, then this possession and his explanation of the same, if any in evidence, are proper for the consideration of the jury, to have such weight in determining the guilt or innocence of the defendant as you may think the same entitled to, under all the facts and circumstances in testimony."

The record does not disclose the charge which was refused. We are of opinion, however, that the charge, as given, was correct, in that it submitted to the jury the evidence on the subject of the statement of the accused when first found in possession of the property, to be considered by them, in connection with the other evidence adduced, in determining the question as to the guilt or innocence of the accused.

In this connection, we find in the transcript that a bill of exceptions was tendered to the presiding judge, for his allowance, on the subject of the explanations given by the defendant as to his possession of the property at the time of his arrest, and the refusal of the judge to allow the officer to testify thereto; which the judge refused to sign, but in lieu thereof did state that the statements made at the time of arrest were admitted, but that the statements of the defend-

ant made at a subsequent time were excluded.  This action of the court was proper.  The accused, having been given the benefit of his own statements made at the time he was first found with the stolen animal, could not be permitted to make testimony for himself by proving his statements subsequently made.  *Alderson* v. *The State*, 2 Texas Ct. App. 10 ; *Shackelford* v. *The State*, 2 Texas Ct. App. 385 ; *Dixon* v. *The State*, 2 Texas Ct. App. 530.

We propose to notice one other ground in the motion, to the effect that one of the State's witnesses summoned the jury by which the accused was tried. .

This subject is not mentioned elsewhere than in the motion for a new trial ; but if it had been shown by a bill of exceptions, or in any manner entitling it to revision, still, if true, it could not avail the appellant anything, coming at the time it did, unless it had been further shown that the fact was not known at the time the jury was impaneled, and that, by the use of proper diligence, it could not have been discovered, and that injustice or injury had been sustained by the accused thereby.

The objection here raised to the jury is analogous to an objection to an individual juror whose incompetency was not discovered until after trial, which has been settled by repeated decisions.  *Roseborough* v. *The State*, 43 Texas, 574 ; *O'Mealy* v. *The State*, 1 Texas Ct. App. 180 ; *Brill* v. *The State*, 1 Texas Ct. App. 570 ; *Baker* v. *The State*, *ante*, p. 223.

After a careful examination of the several causes set up in the motion, in connection with the evidence, we are of opinion the court below did not err in refusing a new trial. There being no apparent error found in the record, of which the appellant can complain, the judgment of the District Court is affirmed.

*Affirmed.*